**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIMOTHY KINCAID,

      *Plaintiff*,

v.

W. RUHLMAN, *et al.*,

      *Defendants*.

CASE NO. 13-CV-13798

DISTRICT JUDGE TERRENCE G. BERG
MAGISTRATE JUDGE CHARLES BINDER

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON**
**DEFENDANTS' MOTION TO DISMISS**
(Doc. 21)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be

granted and that the case be dismissed in its entirety.[1]

## II.   REPORT

### A.   Introduction

Plaintiff Timothy Kincaid, an inmate in the custody of the Michigan Department of

Corrections ("MDOC"), filed this *pro se* prisoner civil rights action under 42 U.S.C. § 1983 on

September 5, 2013, alleging several claims stemming from his removal from his prison job as a

youth facilitator. Defendants are the following twelve MDOC officials: Warden David Bergh,

Deputy Wardens Lori Gidley and Lance Schuhmacher, Administrative Assistant Shon Hart, former

---

[1]In the event that this Report and Recommendation is adopted, Plaintiff's motion to amend his complaint
to correct a typographical error regarding the amount sought in compensatory damages ("100.000" instead of
"10.000") and to supply the Court with a copy of a grievance against a corrections official who is not a defendant
in this case will be moot. (Doc. 17.)

Resident Unit Manager ("RUM") Gregory Skipper, acting Assistant Resident Unit Supervisor ("ARUS") Amie Orlandino (whose name is misspelled as "Amey Orlandion" on the docket), Departmental Analyst William Ruhlman, Librarian Anthony Valone, Library Technician Blondean Ayers and Food Service Leaders Robert Ortega and Anissa Velanimphie ("Vele" on the docket), all of whom are employed at the Thumb Correctional Facility, and Grievance and Appeals Departmental Specialist Sean Lockhart. On September 25, 2013, U.S. Magistrate Judge R. Steven Whalen granted Plaintiff's motion to proceed without prepayment of fees and directed service on all twelve defendants. (Doc. 11, 12.)

Defendants filed a motion to dismiss on October 30, 2013. (Doc. 21.) All pretrial matters were referred to the undersigned magistrate judge on December 16, 2013. (Doc. 24.) After an extension of time, Plaintiff filed a response in opposition to the motion (Doc. 38) and an accompanying affidavit (Doc. 37) on January 24, 2014. Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for report and recommendation without oral argument.

### B.    The Complaint

The complaint alleges that Defendant Ruhlman violated Plaintiff's due process rights when Plaintiff was removed from his prison job assignment as an adult facilitator to youthful offenders after it was discovered that, prior to Plaintiff's arrest and conviction on three counts of first-degree murder in 1978, he had been charged with several counts of first-degree criminal sexual conduct ("CSC"). (Doc. 1 at 25.) Plaintiff alleges that Defendant Orlandino failed to investigate the matter and instead relied on the prison file, which indicated that Plaintiff was "arrested for CSC 34 years ago." (*Id.*) Plaintiff claims that Defendants Gidley and Skipper failed to follow MDOC policy to correct the error caused by Defendants Ruhlman and Orlandino, and that Defendants Bergh and

2

Lockhart violated Plaintiff's rights by refusing to overturn erroneous grievance decisions on this issue. (*Id.*)

Plaintiff also alleges that Defendant Valone and Ayers refused to copy certain documents, which violated Plaintiff's right to access the courts because he was unable to file them in a habeas action. (*Id.* at 26.) Plaintiff claims that Defendants Schuhmacher, Hart and Bergh failed to enforce MDOC policies when they refused to direct Defendants Valone and Ayers to copy Plaintiff's documents, which also violated his right of access to the courts. (*Id.* at 26-27.) He asserts that Defendant Lockhart's denial of a grievance on this issue violated his rights. (*Id.* at 27.)

Plaintiff alleges that Defendant Valone confiscated an amicus brief from the case *People v. Carp* in retaliation for Plaintiff filing a grievance. (*Id.*) Although Plaintiff acknowledges that the brief was returned to him after a month, he alleges that its absence for a month "hindered" his right of access to the courts with regard to his habeas action. (*Id.*)

Finally, Plaintiff alleges that Defendants Ortega and Velanimphie[2] violated his rights by harassing him and calling him a pedophile after he was terminated from his position. (*Id.* at 27-28.)

Plaintiff seeks compensatory damages, punitive damages, removal of any mention of the CSC charges from his file, and reinstatement to his job as a youth facilitator. (*Id.* at 33-35.)

### C.    Motion Standards

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Advocacy Org. for Patients & Providers v. Auto Club*

---

[2]I note that Plaintiff refers to Defendant Velanimphie at various locations in the complaint as Defendant "Vala" or "Vela."

*Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal quotation marks omitted). "A plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore *et al.*, Moore's Fed. Practice ¶ 12.34 (3d ed. 2000).

### D. Defendants' Motion to Dismiss

#### 1. Official Capacity Claims

I first suggest that Defendants are entitled to summary judgment on the claims brought against them in their official capacities because they are barred by Eleventh Amendment immunity. A lawsuit "against a governmental officer 'in his official capacity' is the same as a suit against the

entity of which the officer is an agent." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (internal quotations and citations omitted). Therefore, suing these MDOC employees in their official capacities is the same as suing the State of Michigan.

The law is clear, however, that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute or expressly in § 1983, *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), I suggest that the claims against the MDOC defendants in their official capacities are barred by Eleventh Amendment immunity.

### 2.    Personal Capacity Claims

#### a.    Defendants Bergh, Gidley, Schuhmacher, Hart, Skipper, Orlandino & Lockhart

Defendants Bergh, Gidley, Schuhmacher, Hart, Skipper, Orlandino and Lockhart move for dismissal on the grounds that the complaint fails to allege that they were personally involved in any act which violated Plaintiff's rights, where the complaint merely contends that each of them either failed to adequately investigate Plaintiff's allegations or denied one of Plaintiff's grievances. (Doc. 21, Br. at 4.)

In a civil rights suit, each individual defendant can only be held accountable for his or her own actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("a

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) ("Each defendant's liability must be assessed individually based on his own actions.")

I suggest that these Defendants are entitled to dismissal of the claims against them because Plaintiff has failed to allege any conduct by these defendants that rises to the level necessary to state a civil rights claim. The Supreme Court has held that plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A claimed constitutional violation must be based upon active unconstitutional behavior, *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002), and the mere denial of a prisoner's grievance states no claim of constitutional dimension. *Alder v. Correctional Med. Services*, 73 F. App'x 839, 841 (6th Cir. 2003). Liability cannot be based upon "a mere failure to act." *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. University of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

In Plaintiff's response in opposition to Defendants' motion (Doc. 38), he focuses his arguments on alleged violations of numerous MDOC policy directives. However, an allegation that a defendant's conduct was not in compliance with an administrative rule or policy does not rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007);

*Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).

Here, where Plaintiff's claims are that these defendants either denied his grievances or failed to act in accordance with MDOC policy, I suggest that Plaintiff's allegations fail to rise to the requisite level and therefore suggest that Defendants Bergh, Gidley, Schuhmacher, Hart, Skipper, Orlandino and Lockhart be dismissed from the case.

### b.    Defendants Ortega & Velanimphie

Defendants Ortega and Velanimphie move for dismissal of the claim against them alleging that they harassed Plaintiff by calling him a pedophile after he was terminated from his job. (Doc. 21, Br. at 8.) Defendants assert that Plaintiff's allegation fails to state a constitutional claim. Courts have long held that allegations of harassment, verbal abuse, threats, embarrassment, or defamation by a corrections officer do not rise to the level of a constitutional violation and therefore are not cognizable under 42 U.S.C. § 1983. *See, e.g., Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 779 (6th Cir. 2012); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Freeman v. Trudell*, 497 F. Supp. 481, 482 (E.D. Mich. 1980). Accordingly, I suggest that Defendants Ortega and Velanimphie's motion be granted and that they be dismissed from the case.

### c.    Defendant Ruhlman

Plaintiff alleges that the "action of Defendant Ruhlman, in arbitrarily firing Plaintiff from his Youthful Facilitator assignment for a 1978 arrest without a due process hearing violated Plaintiff's Fourteenth Amendment U.S. Constitutional Rights." (Compl., Doc. 1 at 25.) Defendant

Ruhlman moves for dismissal on the grounds that Plaintiff has failed to state a claim under the Due Process Clause of the U.S. Constitution. (Doc. 21, Br. at 11-13.)

I suggest that Defendant Ruhlman is correct that Plaintiff has failed to state a claim based on procedural due process, since Plaintiff does not have a protected liberty or property interest in a prison job. To plead a procedural due process claim, a plaintiff must allege: (1) a life, liberty, or property interest exists and has been subject to interference by the state; and (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient. *Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1990). Procedural due process rights arise only after a showing that plaintiff holds a constitutionally protected liberty interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003); *International Union, United Auto., Aerospace & Agric. Workers of Am., Local 737 v. Auto Glass Employees Fed. Credit Union*, 72 F.3d 1243, 1251 (6th Cir. 1996) (absent protected property interest in continued employment, no process is due).

I suggest that Plaintiff has not shown, nor could he show, that he had any protected liberty or property interest in a particular prison job. A prisoner has no legally protected property or liberty interest in a prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.3d 950, 955 (6th Cir. 1987) ("no prisoner has a constitutional right to a particular job or to any job"); *Wilson v. Buschell*, No. 2:05-cv-106, 2007 WL 1106124, *7 (W.D. Mich. Apr. 5, 2007) (granting summary judgment in favor of defendants on procedural and substantive due process grounds because plaintiff had no property or liberty interest in his job assignment).

Defendant argues in his response that damage to reputation in combination with a tangible injury such as loss of employment can state a claim under § 1983, and in support he cites *Bacon v. Patera*, 772 F.2d 259 (6th Cir. 1985). (Doc. 38 at 5-6.) *Bacon* is clearly distinguishable,

8

however, because it did not involve the loss of prison employment, but rather was filed by a private investigator who alleged that a city police chief wrongfully caused him to lose his employment. Accordingly, I suggest that Defendant Ruhlman's motion be granted and that he be dismissed from the case.

### d. Defendants Valone & Ayers

Defendants Valone and Ayers move for dismissal of Plaintiff's claim that they violated his right of access to the courts when they confiscated a legal brief for one month and refused to copy documents related to his arrest on CSC charges that he wanted to file in his pending federal habeas case. They assert that Plaintiff has failed to meet the requirement of alleging that he suffered an actual injury. (Doc. 21, Br. at 16.)

It is well-established that prisoners have a constitutional right of "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); *Procunier v. Martinez*, 416 U.S. 396, 419, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974). In *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), the Supreme Court held that in order to bring a § 1983 action based upon a violation of the prisoner's right of access to the courts, the prisoner must show that he was prejudiced by demonstrating a specific actual injury. *Lewis*, 518 U.S. at 351. The Sixth Circuit, soon after *Lewis* was decided, explained that

> [i]n order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation. Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim.

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

I suggest that Defendants Valone and Ayers are correct that Plaintiff has not alleged an actual injury such as the dismissal of an otherwise meritorious claim. Nor could Plaintiff do so. As

9

previously noted, a motion to dismiss may be decided on the basis of matters of which the Court

may take judicial notice, and a court may take judicial notice of public records from other judicial

proceedings. *See Marrakush Soc. v. New Jersey State Police*, 2009 WL 2366132 (D.N.J. 2009);

*In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002); *Harris v. New York State Dep't*

*of Health*, 202 F. Supp. 2d 143, 173 (S.D.N.Y. 2002). In this case, the public record reveals that

Plaintiff's habeas petition was dismissed because it was "both time-barred and meritless . . . ."

*Kincaid v. Bergh*, No. 2:11-cv-11359 (E.D. Mich. May 16, 2012) (J. Zatkoff). Accordingly, I

suggest that Plaintiff has failed to state a claim for violation of his First Amendment right to access

the courts, and that the claims against Defendants Valone and Ayers should be dismissed.

### e.        **Qualified Immunity**

In their motion, Defendants raise the defense of qualified immunity. (Doc. 21, Br. at 17.)

In *Saucier v. Katz*, the Supreme Court stated: "If no constitutional right would have been violated

were the allegations established, there is no necessity for further inquiries concerning qualified

immunity." 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001); *see also Marvin v. City*

*of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) ("If there is no constitutional violation, then the

plaintiff's § 1983 claim fails as a matter of law and the defendant . . . does not need qualified

immunity."). Because the Court suggests that Defendants are entitled to grant of their motion to

dismiss with regard to all claims, there is no necessity for a discussion of qualified immunity.

## III.    <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after

being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations. A party may respond to another

party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ Charles E Binder

CHARLES E. BINDER
Dated: March 28, 2014                United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served on all counsel of record through the Court's CM/ECF system, served by first class mail on Timothy Kincaid, #169059, Thumb Correctional Facility, 3225 John Conley Dr., Lapeer, MI, 48446; and served on District Judge Berg in the traditional manner.

Date: March 28, 2014            By     s/*Jean L. Broucek*
                                Case Manager to Magistrate Judge Binder