UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KINCAID,

    Plaintiff,
v.                                                                    Case No. 13-13798

                                                        HON. TERRENCE G. BERG

WILLIAM RUHLMAN, *et al.*,

    Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION (DKT. 39), GRANTING DEFENDANT'S
MOTION TO DISMISS (21), DENYING, AS MOOT, PLAINTIFF'S MOTTION
TO AMEND (DKT. 17) AND DISMISSING CASE, WITH PREJUDICE**

    This matter is before the Court on Magistrate Judge Charles E. Binder's March 28, 2014 Report and Recommendation (Dkt. 39), recommending that Defendants' motion to dismiss (Dkt. 21) be granted, and that this case be dismissed in its entirety.

    The Court has reviewed the Magistrate Judge's Report and Recommendation. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). Plaintiff was given an extension of time to file objections, and did file timely objections (Dkt. 41). The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id*.

## BACKGROUND

Magistrate Judge Binder accurately recounted Plaintiff's claims in this lawsuit as follows: The Complaint alleges that Defendant Ruhlman violated Plaintiff's due process rights when Plaintiff was removed from his prison job assignment as an adult facilitator to youthful offenders after it was discovered that, prior to Plaintiff's arrest and conviction on three counts of first-degree murder in 1978, he had been charged with several counts of first-degree criminal sexual conduct ("CSC") (Doc. 1 at 25). Plaintiff alleges that Defendant Orlandino failed to investigate the matter and instead relied on the "prison file," which indicated that Plaintiff was "arrested for CSC 34 years ago" (*Id.*). Plaintiff claims that Defendants Gidley and Skipper failed to follow MDOC policy to correct the error caused by Defendants Ruhlman and Orlandino, and that Defendants Bergh and Lockhart violated Plaintiff's rights by refusing to overturn erroneous grievance decisions on this issue (*Id.*).

Plaintiff also alleges that Defendant Valone and Ayers refused to copy certain documents, which violated Plaintiff's right to access the courts because he was unable to file them in a habeas action (*Id.* at 26). Plaintiff claims that Defendants Schuhmacher, Hart and Bergh failed to enforce MDOC policies when they refused to direct Defendants Valone and Ayers to copy Plaintiff's documents, which also violated his right of access to the courts (*Id.* at 26-27). Plaintiff further asserts that Defendant Lockhart's denial of a grievance on this issue violated his rights (*Id.* at 27).

Plaintiff alleges that Defendant Valone confiscated an amicus brief from the case *People v. Carp* in retaliation for Plaintiff filing a grievance (*Id.*). Although Plaintiff acknowledges that the brief was returned to him after a month, he alleges that its absence for a month "hindered" his right of access to the courts with regard to his habeas action (*Id.*).

Finally, Plaintiff alleges that Defendants Ortega and Velanimphie violated his rights by harassing him and calling him a pedophile after he was terminated from his position (*Id.* at 27-28).

Plaintiff seeks compensatory damages, punitive damages, removal of any mention of the CSC charges from his file, and reinstatement to his job as a youth facilitator (*Id.* at 33-35).

Defendants filed a motion to dismiss, arguing that Plaintiff's claims fail to state a claim upon which relief can be granted. Magistrate Judge Binder agreed with Defendants, and recommended that their motion be granted. Plaintiff objects to this recommendation.

## ANALYSIS

As noted, Magistrate Judge Binder recommended granting Defendants' motion to dismiss, and dismissing this case in its entirety. Magistrate Judge Binder's specific recommendations can be distilled as follows: (1) Plaintiff's claims against Defendants in their official capacity are barred by Eleventh Amendment immunity; (2) Plaintiff's claims against Defendants Bergh, Gidley, Schuhmacher, Hart, Skipper, Orlandino and Lockhart do not properly allege that these

3

Defendants were personally involved in any act which may have violated Plaintiff's rights; (3) Plaintiff's harassment claims against Defendants Ortega and Velanimphie (*i.e.*, that they called Plaintiff a "pedophile") do not rise to the level of a constitutional violation; (4) Plaintiff's due process claim, related to his termination as a prison youth facilitator, against Defendant Ruhlman fails because Plaintiff does not have a constitutionally protected liberty or property interest in prison employment; and (5) Plaintiff has not adequately alleged a violation of his right to access to the courts against Defendant Valone and Ayers, as Plaintiff has not alleged any actual injury.

Plaintiff filed 33 pages of objections (Dkt. 41). Plaintiff is proceeding pro se and his objections are disjointed and not always clear. Plaintiff's objections focus mainly on Magistrate Judge Binder's recommendation concerning his due process claim against Defendant Ruhlman. This recommendation, however, is sound. To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Plaintiff has no inherent constitutional liberty or property interest in rehabilitation, education, job assignments, or other programming in prison. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980); *Dobbins v. Craycraft*, 423 Fed. App'x 550, 552 (6th Cir. 2011); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)

(district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("no prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, 69 Fed. App'x 678 (6th Cir. 2003) (same).

Nor does state law create such an entitlement. Michigan's statutes and regulations give prison authorities complete discretion regarding programming assignments of prisoners. Michigan does not have statutes or administrative rules restricting the discretion of its prison administrators concerning such decisions. Under Michigan Department of Corrections regulations, which Plaintiff haphazardly cites in lengthy block quotations throughout his objections, prison authorities retain broad discretion regarding the assignment of prisoners to rehabilitative programs and work assignments. *See Dobbins v. Craycraft*, 423 Fed. App'x 550, 552 (6th Cir. 2011) (citing Mich. Dept. of Corr. Policy Directive 05.02.100). This discretion appears justified by a strong public policy interest in allowing the prison authorities to manage the programming and employment opportunities available in prison in a manner that is consistent with the goals of maintaining safety, security, and good order in the prison.

Accordingly, since Plaintiff had no entitlement or liberty interest to his job assignment, the due process clause was not implicated by Plaintiff's termination, with or without cause. Therefore, to the extent that Plaintiff is claiming that his

due process rights were violated because of the loss of his prison job, this claim is not one upon which relief can be granted.

Plaintiff also objects, in passing, to Magistrate Judge Binder's conclusions concerning his access to courts claims against Defendants Valone and Ayers. Plaintiff's objections make conclusory statements about his claims and his legal rights but fail to identify any specific errors in the Report and Recommendation. Vague and conclusory objections to a report and recommendation do not merit review under Fed. R. Civ. P. 72(b). *See Slater v. Potter*, 28 Fed. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object"); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious").

In any event, Magistrate Judge Binder's recommendation concerning Plaintiff's access to courts claim is sound. In this case, the public record reveals that Plaintiff's habeas petition was dismissed because it was "both time-barred and meritless . . . ." *Kincaid v. Bergh*, 11-11359, 2012 WL 1720621 (E.D. Mich. May 16, 2012). Plaintiff has not alleged an actual injury, caused by the conduct of Defendants Valone and Ayers. Accordingly, Plaintiff has failed to state a claim for violation of his First Amendment right to access the courts.

Plaintiff also objects to Magistrate Judge Binder's recommendation concerning his claim that Defendants Ortega and Velanimphie called him a

6

pedophile after he was removed from his position as an adult facilitator to youthful offenders. Plaintiff expresses concern that being labeled as such could cause him to be subjected to abuse or violence in prison (Dkt. 41 at 31-33). The Magistrate Judge correctly noted that the Sixth Circuit has held that allegations of harassment, verbal abuse, threats, embarrassment of defamation by a corrections officer do not rise to the level of a constitutional violation. *See, e.g., Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 779 (6th Cir. 2012); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Freeman v. Trudell*, 497 F. Supp. 481, 482 (E.D. Mich. 1980). If Plaintiff's allegation is true, such name-calling would clearly be unprofessional, inappropriate, and unjustified. While the Court would admonish any prison official for wrongly labeling an inmate as a pedophile, or for that matter making any uncalled for accusations against an inmate, such an allegation does not support a claim under 42 U.S.C. § 1983.

## CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's objections (Dkt. 41) to Magistrate Judge Binder's report and recommendation are **OVERRULED**, Magistrate Judge Binder's report and recommendation (Dkt. 39) is **ACCEPTED AND ADOPTED,** and Defendants' motion to dismiss (Dkt. 21) is **GRANTED.** Accordingly, this case is **DISMISSED WITH PREJUDICE.**

SO ORDERED.


Dated: September 18, 2014                                s/Terrence G. Berg
                                                        TERRENCE G. BERG
                                                        UNITED STATES DISTRICT JUDGE

7

**Certificate of Service**

      I hereby certify that this Order was electronically submitted on September 18, 2014, using the CM/ECF system, which will send notification to all attorneys of record, and to unrepresented parties via postal mail.

                                        s/A. Chubb
                                        Case Manager