UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KINCAID,

    Plaintiff,
v.                                         Case No. 13-13798

                                              HON. TERRENCE G. BERG

WILLIAM RUHLMAN, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION
TO AMEND JUDGMENT (DKT. 44) AND DENYING PLAINTIFF'S
MOTION FOR CERTIFICATE OF APPEALABILITY (DKT. 48)**

This matter is before the Court on Defendants' motion to amend judgment (Dkt. 44) and Plaintiff's motion for a certificate of appealability (Dkt. 48). By way of brief procedural background, this is a prisoner civil rights case, in which Plaintiff alleged that Defendant Ruhlman violated Plaintiff's due process rights when Plaintiff was removed from his prison job assignment as an adult facilitator to youthful offenders after it was discovered that, prior to Plaintiff's arrest and conviction on three counts of first-degree murder in 1978, he had been charged with several counts of first-degree criminal sexual conduct ("CSC") (Dkt. 1 at 25). Plaintiff alleges that Defendant Orlandino failed to investigate the matter and instead relied on the "prison file," which indicated that Plaintiff was "arrested for CSC 34 years ago" (*Id.*). Plaintiff claims that Defendants Gidley and Skipper failed

to follow MDOC policy to correct the error caused by Defendants Ruhlman and Orlandino, and that Defendants Bergh and Lockhart violated Plaintiff's rights by refusing to overturn erroneous grievance decisions on this issue (*Id.*).

On March 28, 2014, Magistrate Judge Charles Binder issued a Report and Recommendation (Dkt. 39), recommending that Defendants' motion to dismiss (Dkt. 21) be granted and that Plaintiff's Complaint be dismissed, as it failed to state a claim upon which relief can be granted. Plaintiff objected (Dkt. 41) to this recommendation. The Court considered Plaintiff's objections, but ultimately overruled them, and adopted Magistrate Judge Binder's recommendations, thus dismissing this case (Dkt. 42).

Defendants now ask the Court to amend its Judgment (Dkt. 43), to explicitly indicate that this dismissal constitutes a "strike" for purposes of the Prison Litigation Reform Act's ("PLRA") "three-strikes" amendment to the *in forma pauperis* statute (28 U.S.C. § 1915(g)), since Plaintiff's Complaint was dismissed for failure to state a claim.[1] Section 1915(g), as amended by the PLRA, provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, **or fails to state a claim upon which relief may be granted**, unless the prisoner is under imminent danger of serious physical injury (emphasis added).

---

[1] "The three-strikes rule, in an effort to lessen the crush of frivolous prisoner filings in the federal courts, precludes prisoners—unless they face imminent danger of serious physical injury—from proceeding IFP if they have had three prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Pointer v. Wilkinson*, 502 F.3d 369, 370 (6th Cir. 2007).

Since Plaintiff's Complaint was dismissed for failure to state a claim, the Court hereby **GRANTS** Defendants' motion to amend judgment, and indicates that the dismissal of this case constitutes a "strike" for PLRA purposes.

Plaintiff has filed a motion for a certificate of appealability (Dkt. 48). "[A] certificate of appealability is not necessary for a prisoner civil rights appeal...." *Rivera v. Granholm*, No. 08-12722, 2009 WL 650374, at *1 (E.D. Mich. Mar. 13, 2009); citing *Alexander v. Lucas,* 259 Fed. App'x. 145, 149 n. 2 (10th Cir. 2007) (citing *Lawson v. Engleman,* 67 Fed. App'x. 524, 527 n. 4 (10th Cir. 2003); *see also Mathis v. Bd. of Pardon & Parole*, 172 F.3d 868 (5th Cir. 1999) (a certificate of appealability from an order dismissing a § 1983 suit is "unnecessary"); 28 U.S.C. § 2253(c). Therefore, Plaintiff's application for a certificate of appealability (Dkt. 48) is **DENIED.**

SO ORDERED.

Dated: January 23, 2015          s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 23, 2015, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager